**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **Kudakwashe Bhejana,**<br>           *Plaintiff* | § <br> § | |
| **v.** | § <br> § | **Case No. 1:25-cv-01724-ADA-SH** |
| **Bank of America, N.A.,**<br>           *Defendant* | § <br> § <br> § | |

## ORDER

Plaintiff Kudakwashe Bhejana, proceeding *pro se*, sues Defendant Bank of America, N.A. for breach of contract, negligence, and violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693-1693r, and the Texas Deceptive Trade Practices Act.[1] First Amended Complaint, Dkt. 5.

This Court has "an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). This is a continuing obligation that exists at every stage of litigation. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020).

Bhejana alleges only federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 5 at 2. Construing his complaint liberally,[2] this Magistrate Judge finds that his allegations may support diversity jurisdiction over his state claims under 28 U.S.C. § 1332. Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

---

[1] The District Court referred to this Magistrate Judge all nondispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

[2] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW*, 83 F.4th at 407. "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *Id.* Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). Therefore, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

Bhejana alleges damages of $132,588, sufficient to satisfy the statutory minimum. Dkt. 5 at 19-20. He also alleges that he resides in Texas and that Bank of America is headquartered in North Carolina, but does not set out his domicile or Bank of America's principal place of business and state of incorporation. *Id.* at 2.

To satisfy the Court's obligation to ascertain whether it has diversity jurisdiction over his claims, this Magistrate Judge **ORDERS** Bhejana to file **by April 27, 2026** a brief alleging (1) his citizenship and (2) Bank of America's principal place of business and state of incorporation as of the filing date of his Complaint on October 24, 2025. Bank of America may file a brief in response by **May 4, 2026**.

**SIGNED** on April 14, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

2