# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Kudakwashe Bhejana,** *Plaintiff* | § § | |
| **v.** | § § § | **Case No. 1:25-cv-01724-ADA-SH** |
| **Bank of America, N.A.,** *Defendant* | § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D ALBRIGHT
        UNITED STATES DISTRICT JUDGE**

Now before the Court are:

- Defendant's Motion to Dismiss the First Amended Complaint, filed December 20, 2025 (Dkt. 9);

- Plaintiff's Motion to Compel Compliance with Rule 26(f) and the February 3, 2026 Docket Control Order, filed February 9, 2026 (Dkt. 17);

- Plaintiff's Application for Permission to File Electronically, filed February 17, 2026 (Dkt. 23);

- Plaintiff's Motion for Court-Supervised Rule 26(f) Conference and Rule 16 Case Management Conference, filed February 20, 2026 (Dkt. 25);

and the associated response and reply briefs.[1]

## I.    Background

Plaintiff Kudakwashe Bhejana alleges that Defendant Bank of America, N.A. failed to investigate and reimburse him for twenty-two unauthorized charges to his debit card between October 2022 and March 2024 totaling $12,897. First Amended Complaint, Dkts. 5 at 1-3, 5-1.

---

[1] The District Court referred to this Magistrate Judge all nondispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

Bhejana filed two fraud claims with Bank of America on October 9, 2025. Dkt. 5 at 3. Bank of America denied his fraud claims and a reevaluation request he submitted on October 21, 2025. Dkt. 5 at 3-4; Dkt. 5-5. Bhejana alleges that Bank of America did not timely investigate his claims, reimburse him pending investigation, or provide documentation supporting denial, in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r. Dkt. 5 at 13-15. He also asserts claims for negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act ("TDTPA"). *Id.* at 15-19. Bank of America moves to dismiss all claims under Rule 12(b)(6).

## II.   Jurisdiction

Federal courts have subject-matter jurisdiction over cases that arise under federal law ("federal question jurisdiction") and cases in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332. An individual's citizenship is determined by their state of domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007). A national bank is a citizen of the state "designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

The Court has federal question jurisdiction over Bhejana's claim under the EFTA. The Court also has diversity jurisdiction because Bhejana alleges that he is domiciled in Texas, Bank of America designates its main office in North Carolina, and his damages exceed $75,000. Dkt. 28.

## III.   Analysis

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But "conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Hodge v. Engleman*,

90 F.4th 840, 843 (5th Cir. 2024) (citation omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court reviews "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## A.  Electronic Fund Transfer Act Claim

Bank of America contends, among other arguments, that it had no obligation under the EFTA to investigate Bhejana's fraud claims because they were untimely. A financial institution's obligation to investigate alleged errors arises only if a consumer gives notice "within sixty days" after the institution transmits documentation of the contested fund transfer. 15 U.S.C. § 1693f(a). To state an EFTA claim based on a financial institution's failure to properly investigate, the plaintiff must allege that he timely notified the financial institution. *Jones v. NetSpend Card Co.*, No. A-17-CV-304-RP, 2017 WL 7905488, at *2 (W.D. Tex. Oct. 20, 2017); *see also Dorsey v. U.S. Bank Nat'l Ass'n*, No. 11-CV-231-JJB, 2012 WL 13001917, at *3 (M.D. La. Apr. 2, 2012) (finding that plaintiff must allege he "satisfied his timely notification duty or that extenuating circumstances prevented Plaintiff from satisfying this duty").

Bhejana, proceeding *pro se*, alleges that the unauthorized transactions occurred between October 2022 and March 2024. Dkt. 5-1. Dkt. 5 at 3. Bank of America argues, and Bhejana does not dispute, that the most recent unauthorized transaction would have appeared on his April 2024

bank statement. Bhejana alleges that he gave notice of the unauthorized transactions to Bank of America on October 9, 2025, more than eighteen months after the last transaction.

Bhejana does not allege that his fraud claims were timely or that extenuating circumstances prevented him from notifying Bank of America. Instead, in response to the motion to dismiss, he contends that because Bank of America chose to investigate his fraud claims rather than deny them as untimely, it became bound by the statutory investigation requirements of § 1693f(a). Dkt. 16 at 3-4, 6. He cites no support for his argument, and it is at odds with the plain language of § 1693f(a), which provides that a financial institution's obligation to investigate arises from timely notice by the consumer.

Because Bhejana alleges that he notified Bank of America of the unauthorized charges far longer than sixty days after he would have received his April 2024 bank statement, he has not plausibly alleged that Bank of America had a duty to investigate his fraud claims. For that reason, this Magistrate Judge recommends that his EFTA claim be dismissed with prejudice.

## B. State Law Claims

Because Bhejana's state law claims are before the Court on diversity jurisdiction, Texas substantive law applies. *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023).

### 1. Negligence and Texas Deceptive Trade Practices Act

Bank of America argues that Bhejana's negligence and TDTPA claims are barred by the economic loss doctrine, which "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177-78 (5th Cir. 2016) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). The rule "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be

viewed as a consequence of a contracting party's negligence." *Id.* at 178 (quoting *Lamar Homes*, 242 S.W.3d at 12-13). The doctrine applies unless the "duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). The principles underlying the economic loss rule apply to TDTPA claims asserting a "mere breach of contract." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (per curiam).

In his negligence claim, Bhejana alleges that Bank of America failed to properly investigate his fraud claims and reimburse him pending investigation. Dkt. 5 at 18. The alleged breach arises from the depositor-bank relationship, which Bhejana alleges is governed by the account agreement. *Id.* at 19. The alleged acts and omissions underlying the negligence claim also form the basis of Bhejana's breach of contract claim.

The Court finds that the duties Bhejana alleges Bank of America breached "arise solely from the contractual relationship between the parties." *Barrie*, 819 F.3d at 178. His negligence claim therefore is barred by the economic loss doctrine. *Oolut v. JPMorgan Chase Bank N.A.*, No. H-23-4822, 2024 WL 5274648, at *3 (S.D. Tex. Mar. 22, 2024).

Bhejana alleges that Bank of America violated the TDTPA by misrepresenting its fraud protection services and the quality of those services. Dkt. 5 at 15-16. This claim rests on the allegation that Bank of America misrepresented its fraud protection services in the parties' account agreement and did not perform proper investigations under the terms. For that reason, Bhejana's TDTPA claim "amounts to a breach of contract claim." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016). The Court finds that Bhejana's TDTPA claim also is barred by the economic loss doctrine and recommends that it, like his negligence claim, be dismissed with prejudice. *Id.*

## 2. Breach of Contract

Next, Bank of America argues that Bhejana has not pleaded a breach of contract claim because he "fails to identify the specific provision that [Bank of America] allegedly breached." Dkt. 9 at 12. To state a claim for breach of contract under Texas law, a plaintiff must allege: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). The plaintiff "must point to a specific provision in the contract that was breached by the defendant." *Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 787 (E.D. Tex. 2019). A claim meets this standard if it identifies what provisions were breached or provides factual allegations about the substance of the contract. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014).

Bhejana alleges that Bank of America's account agreement, which includes a "'Zero Liability' policy and fraud protection terms," constitutes an enforceable contract between the parties. Dkt. 5 at 19. He does not attach the agreement to his pleadings and does not "point to a specific provision" Bank of America allegedly breached. *Sivertson*, 390 F. Supp. 3d at 787. Bhejana also does not allege that he performed under the agreement, and without the agreement, the Court cannot determine his obligations.

Bhejana alleges that Bank of America had a duty to investigate claims of fraud, reimburse unauthorized transactions, provide fraud protection "as advertised and promised," and conduct investigations in good faith and report its findings. Dkt. 5 at 19. But he alleges only the general existence of these contractual provisions, not their substance. *Barge v. Wells Fargo Bank, N.A.*, No. 1:23-CV-00189, 2025 WL 1242327, at *4 (E.D. Tex. Feb. 25, 2025). Bhejana's "bare-bones

6

and conclusory allegations" do not give rise to a reasonable inference that a contract was breached. *Adams v. Chase Bank*, No. 3:14-CV-3157-K, 2015 WL 2168127, at *4 (N.D. Tex. May 8, 2015). For these reasons, the Court recommends that his breach of contract claim be dismissed without prejudice.

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Bank of America's Motion to Dismiss the First Amended Complaint (Dkt. 9) and **DISMISS** Bhejana's EFTA, negligence, and TDTPA claims with prejudice and his breach of contract claim without prejudice.

### V.    Order

Bhejana asks to become an electronic filing user. Because he states that he has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** his Application for Permission to File Electronically (Dkt. 23).

In view of this Magistrate Judge's recommendation, the Court **DISMISSES as moot** Plaintiff's Motion to Compel Compliance with Rule 26(f) and the February 3, 2026 Docket Control Order (Dkt. 17) and Plaintiff's Motion for Court-Supervised Rule 26(f) Conference and Rule 16 Case Management Conference (Dkt. 25) without prejudice to refiling if Judge Albright rejects the recommendation to dismiss.

### VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after

the party is served with a copy of the Report shall bar that party from de novo review by the District

Court of the proposed findings and recommendations in the Report and, except on grounds of plain

error, shall bar the party from appellate review of unobjected-to proposed factual findings and

legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474

U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.

1996) (en banc).

**SIGNED** on June 17, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE